# Exhibit A

# Allegheny County Department Of Court Records

### Civil/Family Division Docket Report

**Run Date and Time: 1/28/2025 - 9:51:41**

| GD-24-015167 | |
|---|---|
| | Krapf vs Guangdong Jieyuan Network Techonology C |

| | |
|---|---|
| **Filing Date:** | **Case Type:** |
| 12/26/2024 | Product Liability |
| **Related Cases:** | **Court Type:** |
| | General Docket |
| **Consolidated Cases:** | |
| | **Current Status:** |
| | Proof of Service |
| **Judge:** | |
| No Judge | |
| | **Jury Requested:** |
| | Y |
| **Amount In Dispute:** | |
| $ 0 | |

**--Parties--**

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Krapf | Sophia | | Plaintiff | CONFIDENTIAL | -- | Richard G. Talarico |
| CONFIDENTIAL | CONFIDENTIAL | -- | Minor | CONFIDENTIAL | -- | -- |
| TikTok Inc. | | | Defendant | 5800 Bristol Parkway Suite 100 Culver City CA 90230 | -- | -- |
| Guangdong Jieyuan Network Techonology Co. Ltd | | | Defendant | 838 Shaping Heshan Avenue Heshan *** 00000 | -- | -- |

**--Attorney--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Talarico | Richard | G. | Plaintiff's Attorney | 3 Parkway Center Suite 300 Pittsburgh PA 15220 | 4123880848 |

**--Non Litigants--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| No Litigants Found | | | | | |

Top

**--Docket Entries--**

| Filing Date | Docket Type | Docket Text | Filing Party | |
|---|---|---|---|---|
| 1/16/2025 | Proof of Service | | Sophia Krapf | |
| 12/26/2024 | Complaint | | Sophia Krapf | |
| 12/26/2024 | Confidential Information Form | | Sophia Krapf | |

**--Alias Information--**

| P. parent | | Z. | |
|---|---|---|---|

PQRQP Shop dba

| --Judgments Against-- | | |
|---|---|---|
| Name | Amount | Satisfied(Y,N) |
| No Judgments Found | | |

| --Events Schedule-- | | | |
|---|---|---|---|
| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
| No Information Found | | | |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY
PENNSYLVANIA

| | |
|---|---|
| Z.P., a minor, by and through his parent and natural guardian, SOPHIA KRAPF,<br><br>                Plaintiff,<br><br>vs.<br><br>GUANGDONG JIEYUAN NETWORK TECHNOLOGY CO., LTD. d/b/a PQRQP SHOP and TIKTOK INC.,<br><br>                Defendants. | CIVIL DIVISION<br><br>Docket No. :<br><br>**COMPLAINT IN CIVIL ACTION**<br><br>Filed on behalf of Plaintiff:<br>Z.P., a minor, by and through his parent and natural guardian, Sophia Krapf<br><br>Counsel of Record for this Party:<br>Richard G. Talarico, Esquire<br>PA I.D. # 93449<br><br>Woomer & Talarico<br>Three Parkway Center, Suite 300<br>Pittsburgh, PA 15220<br>Tele # (412) 388-0848<br>Fax # (412) 388-0946<br>Email: rtalarico@woomerlaw.com<br><br>**JURY TRIAL DEMANDED** |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY
PENNSYLVANIA

Z.P., a minor, by and through his parent and     CIVIL DIVISION
natural guardian, SOPHIA KRAPF,

                          Docket No. :

         Plaintiff,

     vs.

GUANGDONG JIEYUAN NETWORK
TECHNOLOGY CO., LTD. d/b/a PQRQP
SHOP and TIKTOK INC.,

        Defendants.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyer Referral Service**
**Allegheny County Bar Association**
**11th Floor Koppers Building**
**436 7th Avenue**
**Pittsburgh, PA  15219**
**(412) 261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY
PENNSYLVANIA

Z.P., a minor, by and through his parent and     CIVIL DIVISION
natural guardian, SOPHIA KRAPF,

                                 Docket No. :

        Plaintiff,

       vs.

GUANGDONG JIEYUAN NETWORK
TECHNOLOGY CO., LTD. d/b/a PQRQP
SHOP and TIKTOK INC.,

        Defendants.

## **COMPLAINT IN CIVIL ACTION**

AND NOW, comes Plaintiff, Z.P., a minor, by and through his parent and natural guardian, Sophia Krapf, by and through his attorneys, Richard G. Talarico, Esquire, and Woomer & Talarico, and complains and alleges as follows:

1. Plaintiff Z.P. (hereinafter "Plaintiff") is a minor individual residing in Mercer County, Pennsylvania.

2. At all times relevant and material hereto, Sophia Krapf was the parent and natural guardian of Plaintiff, who, at the time of the events described herein, was a minor child.

3. Defendant Guangdong Jieyuan Network Technology Co., Ltd. (hereinafter "Defendant GJNT") is a Chinese limited company doing business as PQRQP Shop with a registered address located at No. 838 Shaping Heshan Ave., Heshan, Guangdong, People's Republic of China 529700.

4. Defendant TikTok Inc. (hereinafter "Defendant TikTok") is a California corporation with a registered address located at 5800 Bristol Parkway, Suite 100, Culver City CA 90230.

5. Defendant GJNT and Defendant TikTok will hereinafter collectively be referred to as "Defendants" unless otherwise indicated.

6. At all times relevant and material hereto, Defendants acted by and through their agents, servants, employees, representatives, assignees, subsidiaries, predecessors, and/or successors in interest.

7. At all times relevant and material hereto, Defendants conducted business throughout the Commonwealth of Pennsylvania and Allegheny County, purposefully availing themselves of all local and state laws therein.

8. At all times relevant and material hereto, Defendants were in the business of developing, testing, manufacturing, constructing, inspecting, installing, marketing, promoting, advertising, selling, and/or distributing magnetic wireless cell phone chargers containing lithium-ion batteries and other similar products.

9. At all times relevant and material hereto, Defendants independently or jointly with their predecessors, subsidiaries, parent, or related companies, designed, developed, tested, manufactured, assembled, constructed, inspected, installed, marketed, promoted, advertised, sold, and/or distributed a magnetic wireless cell phone charger containing a lithium-ion battery, specifically, the 5000mAh Power Bank Portable Charger (hereinafter "charger").

10. Through the actions of Defendants, the charger entered the stream of commerce in a manner unsafe for its users.

11. At all times relevant and material hereto, Defendant TikTok operated "TikTok Shop," an e-commerce platform through which users of the video hosting app "TikTok" could purchase products, including the at-issue charger, from third-party sellers.

12. At all times relevant and material hereto, Defendant GJNT operated an ecommerce storefront on TikTok Shop under the name, "PQRQP Shop," in which it sold products, including the at-issue charger, to TikTok users.

13. Plaintiff purchased the charger on Defendant TikTok's app from Defendant GJNT's ecommerce storefront.

14. On October 23, 2024, Plaintiff had his cell phone connected to the charger when the charger suddenly caught fire, burning his face, hands, and torso.

15. As a direct and proximate result of the aforementioned accident, Plaintiff sustained the following injuries, some or all of which are or may be permanent:

     a.    Third degree burns to the abdomen;

     b.    Second degree burns to the abdomen;

     c.    Second degree burns to the face;

     d.    Second degree burns to bilateral hands;

     e.    Second degree burns to the left wrist;

     f.    First degree burns to the face;

     g.    Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

     h.    Nervousness, emotional tension, anxiety and depression.

16. As a direct and proximate result of the aforementioned accident, Plaintiff sustained the following damages, some or all of which are or may be permanent or on-going:

     a.    He has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of his injury, and emotional and psychological trauma;

     b.    He has been, and will be required to, expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services;

     c.    His general health, strength and vitality have been impaired;

d.   He has been required to be absent from school;

e.   He may, in the future, have to face at least one, and possibly numerous, surgeries; and

f.   He has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

## COUNT I
### Plaintiff v. Defendant GJNT
### *Strict Liability – Design Defect*

17. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

18. At all times relevant and material hereto, Defendant GJNT was engaged in the business of designing, developing, testing, promoting, manufacturing, assembling, and/or selling consumer and household products, including the subject charger.

19. At all times relevant and material hereto, Defendant GJNT owed Plaintiff a duty to design, manufacture, supply, sell, and/or distribute a product free of design defects.

20. At the time of the design, sale, and time of Plaintiff's injuries, the subject charger was defective and unreasonably dangerous for use by intended and foreseeable users and consumers, including Plaintiff.

21. The subject charger, including its lithium-ion battery, was in the same or substantially similar condition when it injured Plaintiff as when it left Defendant GJNT's possession.

22. The subject charger, including its lithium-ion battery, was expected to reach, and did reach, the consumer, including Plaintiff, without any substantial material change in the condition in which it was sold by Defendant GJNT.

23. Plaintiff did not materially alter the charger or its lithium-ion battery.

24. At all times relevant and material hereto, Plaintiff could not have discovered the defects and risks described herein, nor could he have been expected to perceive their danger, and thus, the unreasonably dangerous and defective condition was unknown and unknowable to Plaintiff.

25. The charger in question was defective when sold and was defective under Section 402A of the *Restatement (Second) of Torts*, adopted as Pennsylvania law in *Webb v. Zern*, 422 Pa. 424 (1966), in that:

        a.     It was improperly designed;

        b.     It lacked adequate safety features;

        c.     It was designed in such a manner that it was not reasonably safe for its intended use;

        d.     There existed safer alternative designs that Defendant failed to use; and

        e.     It malfunctioned.

26. The defective, unreasonably dangerous and unsafe design of the charger was the direct and proximate cause of Plaintiff's injuries as set forth in detail above.

27. By reason of Defendant GJNT's designing, manufacturing, testing, marketing, assembling, selling, and distributing the charger in a defective and unreasonably dangerous condition, Defendant GJNT is strictly liable to Plaintiff for his injuries and damages pursuant to Section 402A of the *Restatement (Second) of Torts* and Pennsylvania law.

WHEREFORE, Plaintiff requests judgment for damages against Defendant GJNT in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT II
### Plaintiff v. Defendant GJNT
*Strict Liability – Manufacturing Defect*

28. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

29. At all times relevant and material hereto, Defendant GJNT was engaged in the business of designing, developing, testing, promoting, manufacturing, assembling, and/or selling consumer and household products, including the subject charger.

30. At all times relevant and material hereto, Defendant GJNT owed Plaintiff a duty to design, manufacture, supply, sell, and/or distribute a product free of manufacturing defects.

31. At the time of the manufacture, sale, and time of Plaintiff's injuries, the subject charger was defective and unreasonably dangerous for use by intended and foreseeable users and consumers, including Plaintiff.

32. The subject charger, including its lithium-ion battery, was in the same or substantially similar condition when it injured Plaintiff as when it left Defendant GJNT's possession.

33. The subject charger, including its lithium-ion battery, was expected to reach, and did reach, the consumer, including Plaintiff, without any substantial material change in the condition in which it was sold by Defendant GJNT.

34. Plaintiff did not materially alter the charger or its lithium-ion battery.

35. At all times relevant and material hereto, Plaintiff could not have discovered the defects and risks described herein, nor could he have been expected to perceive their danger, and thus, the unreasonably dangerous and defective condition was unknown and unknowable to Plaintiff.

36. The charger in question was defective when sold and was defective under Section 402A of the *Restatement (Second) of Torts*, adopted as Pennsylvania law in *Webb v. Zern*, 422 Pa. 424 (1966), in that:

    a.    It was comprised of substandard and/or deficient materials;

    b.    It was defectively manufactured;

    c.    It was insufficiently inspected for defects;

    d.    Defendant failed to implement adequate quality assurance measures; and

    e.    It malfunctioned.

37. The defective, unreasonably dangerous and unsafe manufacture of the charger was the direct and proximate cause of Plaintiff's injuries as set forth in detail above.

38. By reason of Defendant GJNT's designing, manufacturing, testing, marketing, assembling, selling, and distributing the charger in a defective and unreasonably dangerous condition, Defendant GJNT is strictly liable to Plaintiff for his injuries and damages pursuant to Section 402A of the *Restatement (Second) of Torts* and Pennsylvania law.

WHEREFORE, Plaintiff requests judgment for damages against Defendant GJNT in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

### COUNT III
**Plaintiff v. Defendant GJNT**
*Strict Liability – Failure to Warn*

39. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

40. At all times relevant and material hereto, Defendant GJNT was engaged in the business of designing, developing, testing, promoting, manufacturing, assembling, and/or selling consumer and household products, including the subject charger.

41. At all times relevant and material hereto, Defendant GJNT owed Plaintiff a duty to design, manufacture, supply, sell, and/or distribute a product free of manufacturing and design defects and containing adequate warnings.

42. At the time of the manufacture, sale, and time of Plaintiff's injuries, the subject charger was defective and unreasonably dangerous for use by intended and foreseeable users and consumers, including Plaintiff.

43. The risks of the charger's lithium-ion battery overheating was known and/or foreseeable to Defendant GJNT, and Defendant GJNT failed to provide adequate warnings to consumers, including Plaintiff, regarding those risks.

44. The subject charger, including its lithium-ion battery, was in the same or substantially similar condition when it injured Plaintiff as when it left Defendant GJNT's possession.

45. The subject charger, including its lithium-ion battery, was expected to reach, and did reach, the consumer, including Plaintiff, without any substantial material change in the condition in which it was sold by Defendant GJNT.

46. Plaintiff did not materially alter the charger or its lithium-ion battery.

47. At all times relevant and material hereto, Plaintiff could not have discovered the defects and risks described herein, nor could he have been expected to perceive their danger, and thus, the unreasonably dangerous and defective condition was unknown and unknowable to Plaintiff.

48. The charger in question was defective when sold and was defective under Section 402A of the *Restatement (Second) of Torts*, adopted as Pennsylvania law in *Webb v. Zern*, 422 Pa. 424 (1966), in that:

      a.    It was improperly designed, as set forth above;

      b.    It was comprised of substandard and/or deficient materials;

      c.    It was defectively manufactured;

      d.    It lacked adequate warnings or instructions;

      e.    It malfunctioned; and

      f.    There were no warnings on the charger for the risks that were caused by the design and/or manufacture of the charger.

49. The defective, unreasonably dangerous and unsafe design and/or manufacture of the charger, and Defendant GJNT's failure to warn Plaintiff of its risks, was the direct and proximate cause of Plaintiff's injuries as set forth in detail above.

50. By reason of Defendant GJNT's designing, manufacturing, testing, marketing, assembling, selling, and distributing the charger in a defective and unreasonably dangerous condition, Defendant GJNT is strictly liable to Plaintiff for his injuries and damages pursuant to Section 402A of the *Restatement (Second) of Torts* and Pennsylvania law.

WHEREFORE, Plaintiff requests judgment for damages against Defendant GJNT in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT IV
**Plaintiff v. Defendant GJNT**
*Negligence Per Se*

51. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

52. The Pennsylvania Trade Practices and Consumer Protection Law, 73 P.S. §§201-1 – 201-9, is intended to protect consumers against harm caused by unfair, fraudulent, or deceptive acts or practices of sellers engaged in commerce in the Commonwealth of Pennsylvania.

53. The Pennsylvania Trade Practices and Consumer Protection Law prohibits sellers from "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." 73 P.S. §201-2(4)(xxi).

54. Plaintiff was within the class of persons the Pennsylvania Trade Practices and Consumer Protection Law was intended to protect.

55. Defendant GJNT had a common law duty under Section 402A of the *Restatement (Second) of Torts*, adopted as Pennsylvania law in *Webb v. Zern*, 422 Pa. 424 (1966), to warn of all known dangers of the at-issue charger and its lithium-ion battery not reasonably discoverable by the Plaintiff, and to provide adequate instructions regarding the charger's foreseeable use and misuse to mitigate the risk of such dangers.

56. At all times relevant and material hereto, Defendant GJNT knew or should have known that the at-issue charger was unreasonably dangerous.

57. The unreasonable dangers and defects of the at-issue charger and its lithium-ion battery were unknown and unknowable to Plaintiff.

58. Defendant GJNT failed to provide adequate warnings and/or instructions regarding the unreasonable dangers of the at-issue charger and its lithium-ion battery.

59. Accordingly, Defendant GJNT was engaged in deceptive business practices within the meaning of the Pennsylvania Trade Practices and Consumer Protection Law §201-2(4)(xxi).

60. As a direct and proximate result of Defendant GJNT's violation of the Pennsylvania Trade Practices and Consumer Protection Law, Plaintiff suffered injuries and damages as set forth above, which constitute the type of harm that the Pennsylvania Trade Practices and Consumer Protection Law is intended to prevent.

WHEREFORE, Plaintiff requests judgment for damages against Defendant GJNT in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT V
**Plaintiff v. Defendant GJNT**
*Negligence*

61. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

62. As designer, manufacturer, supplier, seller, and/or distributor of the charger at issue, Defendant GJNT had a duty to take reasonable steps to ensure that purchasers and/or users of its chargers are supplied with a product free of design, manufacturing, and warning defects.

63. Defendant GJNT breached its duty by negligently placing the charger into the stream of commerce when they knew or should have known that the design, manufacture, and warning labeling of the charger were defective, unreasonably dangerous, and created a high risk of unreasonable harm to Plaintiff, his family, and consumers in general.

64. In designing, manufacturing, and selling the subject charger, Defendant GJNT undertook a duty to Plaintiff.

65. Defendant GJNT breached the duty of care owed to Plaintiff.

66. At the time Defendant GJNT designed, manufactured, and/or sold the charger, it knew or should have known that the lithium-ion battery was prone to overheating and catching fire, and it lacked adequate safety features and/or warnings in light of the product's expected use.

67. Plaintiff's injuries and damages were a direct and proximate result of Defendant GJNT's negligence in the following particulars:

   a.   In failing to ensure that the design of the charger was safe for use by its purchasers and/or users;

   b.   In failing to ensure that the design of the charger contained the necessary safety precautions, measures, and devices to prevent the lithium-ion battery from overheating and catching fire when in use by its purchasers and/or users;

   c.   In failing to properly, adequately, and frequently inspect and test the design of the charger to discover possible design defects and to ensure that the

charger contained the necessary safety measures and devices to prevent the lithium-ion battery from overheating and catching fire when in use by its purchasers and/or users;

d. In failing to repair or otherwise redesign the charger to eliminate defects and safety hazards that Defendant GJNT knew or should have known existed;

e. In failing to supervise and/or monitor its employees to ensure that its products were designed, engineered, manufactured, and/or sold in a safe and proper manner;

f. In designing a defective product and/or utilizing defective and/or outdated designs and procedures for the manufacture, assembly, sale, and distribution of the charger;

g. In failing to adequately warn purchasers and/or users of the charger of the possible dangers that Defendant GJNT knew or should have known were associated with the charger;

h. In failing to adequately warn purchasers and/or users of the charger about the charger's dangers and the reasonably foreseeable hazards associated with its intended use in various foreseeable situations; and

i. In failing to inspect the charger prior to placing it in the stream of commerce to ensure that it was safe and had not been made dangerous by wear or alteration.

68. As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant GJNT, Plaintiff has sustained the injuries set forth in detail above.

WHEREFORE, Plaintiff requests judgment for damages against Defendant GJNT in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT VI
### Plaintiff v. Defendant GJNT
### *Breach of Warranty*

69. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

70. At the time Defendant GJNT sold the charger, Defendant GJNT was in the business of designing, manufacturing, assembling, fabricating, distributing, and/or selling the charger, and Defendant was a merchant within the meaning of Article 2 of the Pennsylvania Uniform Commercial Code.

71. At the time Defendant GJNT designed, manufactured, assembled, fabricated, distributed, and/or sold the charger, it made express and implied warranties to purchasers and intended users, including Plaintiff, that the charger was reasonably safe, merchantable, and fit for the particular purpose for which it was purchased and used by Plaintiff.

72. Defendant GJNT breached the express and implied warranties made by Defendant GJNT when it designed, manufactured, assembled, fabricated, and/or sold the charger.

73. As a direct and proximate result of Defendant GJNT's breach of the express and implied warranties, Plaintiff suffered the injuries and damages set forth in the preceding paragraphs of this Complaint.

WHEREFORE, Plaintiff requests judgment for damages against Defendant GJNT in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

### COUNT VII
**Plaintiff v. Defendant TikTok**
***Strict Liability – Design Defect***

74. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

75. At all times relevant and material hereto, Defendant TikTok was engaged in the business of designing, developing, testing, promoting, manufacturing, assembling, and/or selling consumer and household products, including the subject charger.

76. At all times relevant and material hereto, Defendant TikTok owed Plaintiff a duty to design, manufacture, supply, sell, and/or distribute a product free of design defects.

77. At the time of the design, sale, and time of Plaintiff's injuries, the subject charger was defective and unreasonably dangerous for use by intended and foreseeable users and consumers, including Plaintiff.

78. The subject charger, including its lithium-ion battery, was in the same or substantially similar condition when it injured Plaintiff as when it was sold by Defendant TikTok.

79. The subject charger, including its lithium-ion battery, was expected to reach, and did reach, the consumer, including Plaintiff, without any substantial material change in the condition in which it was sold by Defendant TikTok.

80. Plaintiff did not materially alter the charger or its lithium-ion battery.

81. At all times relevant and material hereto, Plaintiff could not have discovered the defects and risks described herein, nor could he have been expected to perceive their danger, and thus, the unreasonably dangerous and defective condition was unknown and unknowable to Plaintiff.

82. The charger in question was defective when sold and was defective under Section 402A of the *Restatement (Second) of Torts*, adopted as Pennsylvania law in *Webb v. Zern*, 422 Pa. 424 (1966), in that:

     a.    It was improperly designed;

     b.    It lacked adequate safety features;

     c.    It was designed in such a manner that it was not reasonably safe for its intended use;

     d.    There existed safer alternative designs that Defendant failed to use; and

     e.    It malfunctioned.

83. The defective, unreasonably dangerous and unsafe design of the charger was the direct and proximate cause of Plaintiff's injuries as set forth in detail above.

84. By reason of Defendant TikTok's designing, manufacturing, testing, marketing, assembling, selling, and distributing the charger in a defective and unreasonably dangerous condition, Defendant TikTok is strictly liable to Plaintiff for his injuries and damages pursuant to Section 402A of the *Restatement (Second) of Torts* and Pennsylvania law.

WHEREFORE, Plaintiff requests judgment for damages against Defendant TikTok in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT VIII
### Plaintiff v. Defendant TikTok
#### *Strict Liability – Manufacturing Defect*

85. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

86. At all times relevant and material hereto, Defendant TikTok was engaged in the business of designing, developing, testing, promoting, manufacturing, assembling, and/or selling consumer and household products, including the subject charger.

87. At all times relevant and material hereto, Defendant TikTok owed Plaintiff a duty to design, manufacture, supply, sell, and/or distribute a product free of manufacturing defects.

88. At the time of the manufacture, sale, and time of Plaintiff's injuries, the subject charger was defective and unreasonably dangerous for use by intended and foreseeable users and consumers, including Plaintiff.

89. The subject charger, including its lithium-ion battery, was in the same or substantially similar condition when it injured Plaintiff as when it was sold by Defendant TikTok.

90. The subject charger, including its lithium-ion battery, was expected to reach, and did reach, the consumer, including Plaintiff, without any substantial material change in the condition in which it was sold by Defendant TikTok.

91. Plaintiff did not materially alter the charger or its lithium-ion battery.

92. At all times relevant and material hereto, Plaintiff could not have discovered the defects and risks described herein, nor could he have been expected to perceive their danger, and thus, the unreasonably dangerous and defective condition was unknown and unknowable to Plaintiff.

93. The charger in question was defective when sold and was defective under Section 402A of the *Restatement (Second) of Torts*, adopted as Pennsylvania law in *Webb v. Zern*, 422 Pa. 424 (1966), in that:

        a.     It was comprised of substandard and/or deficient materials;

        b.     It was defectively manufactured;

        c.     It was insufficiently inspected for defects;

        d.     Defendant failed to implement adequate quality assurance measures; and

        e.     It malfunctioned.

94. The defective, unreasonably dangerous and unsafe manufacture of the charger was the direct and proximate cause of Plaintiff's injuries as set forth in detail above.

95. By reason of Defendant TikTok's designing, manufacturing, testing, marketing, assembling, selling, and distributing the charger in a defective and unreasonably dangerous condition, Defendant TikTok is strictly liable to Plaintiff for his injuries and damages pursuant to Section 402A of the *Restatement (Second) of Torts* and Pennsylvania law.

WHEREFORE, Plaintiff requests judgment for damages against Defendant TikTok in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT IX
### Plaintiff v. Defendant TikTok
### *Strict Liability – Failure to Warn*

96. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

97. At all times relevant and material hereto, Defendant TikTok was engaged in the business of designing, developing, testing, promoting, manufacturing, assembling, and/or selling consumer and household products, including the subject charger.

98. At all times relevant and material hereto, Defendant TikTok owed Plaintiff a duty to design, manufacture, supply, sell, and/or distribute a product free of manufacturing and design defects and containing adequate warnings.

99. At the time of the manufacture, sale, and time of Plaintiff's injuries, the subject charger was defective and unreasonably dangerous for use by intended and foreseeable users and consumers, including Plaintiff.

100. The risks of the charger's lithium-ion battery overheating was known and/or foreseeable to Defendant TikTok, and Defendant TikTok failed to provide adequate warnings to consumers, including Plaintiff, regarding those risks.

101. The subject charger, including its lithium-ion battery, was in the same or substantially similar condition when it injured Plaintiff as when it was sold by Defendant TikTok.

102. The subject charger, including its lithium-ion battery, was expected to reach, and did reach, the consumer, including Plaintiff, without any substantial material change in the condition in which it was sold by Defendant TikTok.

103. Plaintiff did not materially alter the charger or its lithium-ion battery.

104. At all times relevant and material hereto, Plaintiff could not have discovered the defects and risks described herein, nor could he have been expected to perceive their danger, and thus, the unreasonably dangerous and defective condition was unknown and unknowable to Plaintiff.

105. The charger in question was defective when sold and was defective under Section 402A of the *Restatement (Second) of Torts*, adopted as Pennsylvania law in *Webb v. Zern*, 422 Pa. 424 (1966), in that:

    a.    It was improperly designed, as set forth above;

    b.    It was comprised of substandard and/or deficient materials;

    c.    It was defectively manufactured;

    d.    It lacked adequate warnings or instructions;

    e.    It malfunctioned; and

    f.    There were no warnings on the charger for the risks that were caused by the design and/or manufacture of the charger.

106. The defective, unreasonably dangerous and unsafe design and/or manufacture of the charger, and Defendant TikTok's failure to warn Plaintiff of its risks, was the direct and proximate cause of Plaintiff's injuries as set forth in detail above.

107. By reason of Defendant TikTok's designing, manufacturing, testing, marketing, assembling, selling, and distributing the charger in a defective and unreasonably dangerous condition, Defendant TikTok is strictly liable to Plaintiff for his injuries and damages pursuant to Section 402A of the *Restatement (Second) of Torts* and Pennsylvania law.

WHEREFORE, Plaintiff requests judgment for damages against Defendant TikTok in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT X
### Plaintiff v. Defendant TikTok
#### *Negligence Per Se*

108. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

109. The Pennsylvania Trade Practices and Consumer Protection Law, 73 P.S. §§201-1 – 201-9, is intended to protect consumers against harm caused by unfair, fraudulent, or deceptive acts or practices of sellers engaged in commerce in the Commonwealth of Pennsylvania.

110. The Pennsylvania Trade Practices and Consumer Protection Law prohibits sellers from "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." 73 P.S. §201-2(4)(xxi).

111. Plaintiff was within the class of persons the Pennsylvania Trade Practices and Consumer Protection Law was intended to protect.

112. Defendant TikTok had a common law duty under Section 402A of the *Restatement (Second) of Torts*, adopted as Pennsylvania law in *Webb v. Zern*, 422 Pa. 424 (1966), to warn of all known dangers of the at-issue charger and its lithium-ion battery not reasonably discoverable by the Plaintiff, and to provide adequate instructions regarding the charger's foreseeable use and misuse to mitigate the risk of such dangers.

113. At all times relevant and material hereto, Defendant TikTok knew or should have known that the at-issue charger was unreasonably dangerous.

114. The unreasonable dangers and defects of the at-issue charger and its lithium-ion battery were unknown and unknowable to Plaintiff.

115. Defendant TikTok failed to provide adequate warnings and/or instructions regarding the unreasonable dangers of the at-issue charger and its lithium-ion battery.

116. Accordingly, Defendant TikTok was engaged in deceptive business practices within the meaning of the Pennsylvania Trade Practices and Consumer Protection Law §201-2(4)(xxi).

117. As a direct and proximate result of Defendant TikTok's violation of the Pennsylvania Trade Practices and Consumer Protection Law, Plaintiff suffered injuries and damages as set forth above, which constitute the type of harm that the Pennsylvania Trade Practices and Consumer Protection Law is intended to prevent.

WHEREFORE, Plaintiff requests judgment for damages against Defendant TikTok in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT XI**
**Plaintiff v. Defendant TikTok**
*Negligence*

118. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

119. As designer, manufacturer, supplier, seller, and/or distributor of the charger at issue, Defendant TikTok had a duty to take reasonable steps to ensure that purchasers and/or users of its chargers are supplied with a product free of design, manufacturing, and warning defects.

120. Defendant TikTok breached its duty by negligently placing the charger into the stream of commerce when they knew or should have known that the design, manufacture, and warning labeling of the charger were defective, unreasonably dangerous, and created a high risk of unreasonable harm to Plaintiff, his family, and consumers in general.

121.    In designing, manufacturing, and selling the subject charger, Defendant TikTok undertook a duty to Plaintiff.

122.    Defendant TikTok breached the duty of care owed to Plaintiff.

123.    At the time Defendant TikTok designed, manufactured, and/or sold the charger, it knew or should have known that the lithium-ion battery was prone to overheating and catching fire, and it lacked adequate safety features and/or warnings in light of the product's expected use.

124.    Plaintiff's injuries and damages were a direct and proximate result of Defendant TikTok's negligence in the following particulars:

   a.    In failing to ensure that the design of the charger was safe for use by its purchasers and/or users;

   b.    In failing to ensure that the design of the charger contained the necessary safety precautions, measures, and devices to prevent the lithium-ion battery from overheating and catching fire when in use by its purchasers and/or users;

   c.    In failing to properly, adequately, and frequently inspect and test the design of the charger to discover possible design defects and to ensure that the charger contained the necessary safety measures and devices to prevent the lithium-ion battery from overheating and catching fire when in use by its purchasers and/or users;

   d.    In failing to repair or otherwise redesign the charger to eliminate defects and safety hazards that Defendant TikTok knew or should have known existed;

   e.    In failing to supervise and/or monitor its employees to ensure that its products were designed, engineered, manufactured, and/or sold in a safe and proper manner;

   f.    In designing a defective product and/or utilizing defective and/or outdated designs and procedures for the manufacture, assembly, sale, and distribution of the charger;

   g.    In failing to adequately warn purchasers and/or users of the charger of the possible dangers that Defendant TikTok knew or should have known were associated with the charger;

   h.    In failing to adequately warn purchasers and/or users of the charger about the charger's dangers and the reasonably foreseeable hazards associated with its intended use in various foreseeable situations; and

   i. In failing to inspect the charger prior to placing it in the stream of commerce to ensure that it was safe and had not been made dangerous by wear or alteration.

125. As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant TikTok, Plaintiff has sustained the injuries set forth in detail above.

WHEREFORE, Plaintiff requests judgment for damages against Defendant TikTok in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT XII
### Plaintiff v. Defendant TikTok
#### *Breach of Warranty*

126. Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

127. At the time Defendant TikTok sold the charger, Defendant TikTok was in the business of designing, manufacturing, assembling, fabricating, distributing, and/or selling the charger, and Defendant was a merchant within the meaning of Article 2 of the Pennsylvania Uniform Commercial Code.

128. At the time Defendant TikTok designed, manufactured, assembled, fabricated, distributed, and/or sold the charger, it made express and implied warranties to purchasers and intended users, including Plaintiff, that the charger was reasonably safe, merchantable, and fit for the particular purpose for which it was purchased and used by Plaintiff.

129. Defendant TikTok breached the express and implied warranties made by Defendant TikTok when it designed, manufactured, assembled, fabricated, and/or sold the charger.

130. As a direct and proximate result of Defendant TikTok's breach of the express and implied warranties, Plaintiff suffered the injuries and damages set forth in the preceding paragraphs of this Complaint.

WHEREFORE, Plaintiff requests judgment for damages against Defendant TikTok in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest, and such other and further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

Woomer & Talarico

Richard G. Talarico, Esquire
PA I.D. # 93449

Woomer & Talarico
Three Parkway Center, Suite 300
Pittsburgh, PA 15220
Tele # (412) 388-0848

## VERIFICATION

I, Sophia Krapf, parent and natural guardian of minor child, Z.P., being duly sworn according to law, depose and say that the facts contained in the foregoing *Complaint in Civil Action* are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Sophia Krapf (Dec 9, 2024 13:00 EST)

Sophia Krapf, parent and natural guardian
of minor child, Z.P.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

Z.P., a minor, by and through his parent and
natural guardian, SOPHIA KRAPF,

              Plaintiff,

    vs.

GUANGDONG JIEYUAN NETWORK
TECHNOLOGY CO., LTD. d/b/a PQRQP
SHOP and TIKTOK INC.,

         Defendants.

CIVIL DIVISION

Docket No. : GD-24-015167

Code No.

**PROOF OF SERVICE BY CERTIFIED
MAIL ON DEFENDANT PURSUANT TO
PA. R.C.P. §405(c)**

Filed on behalf of Plaintiff:
Z.P., A Minor, By And Through His Parent
And Natural Guardian, SOPHIA KRAPF

Counsel of Record for this Party:
Richard G. Talarico, Esquire
PA I.D. # 93449

Woomer & Talarico
Three Parkway Center, Suite 300
Pittsburgh, PA 15220
Tele # (412) 388-0848
Fax #
Email: rtalarico@woomerlaw.com

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

Z.P., a minor, by and through his parent and            CIVIL DIVISION
natural guardian, SOPHIA KRAPF,

                                                        Docket No. : GD-24-015167

        Plaintiff,

vs.

GUANGDONG JIEYUAN NETWORK
TECHNOLOGY CO., LTD. d/b/a PQRQP
SHOP and TIKTOK INC.,

        Defendants.

## PROOF OF SERVICE BY CERTIFIED MAIL ON DEFENDANT
## PURSUANT TO PA. R.C.P. §405(c)

AND NOW, comes Plaintiff, Z.P., A Minor, By And Through His Parent And Natural

Guardian, SOPHIA KRAPF, by and through his attorneys, Richard G. Talarico, Esquire, and

Woomer & Talarico, and files the instant proof of service as follows:

1. The instant case was initiated by Complaint in Civil Action on December 26, 2024.

2. On or about, 1/3/2025, a copy of the Complaint in Civil Action was mailed to the

Defendant, TikTok Inc., via certified mail, return receipt requested.

3. Said Complaint was received by Defendant on 1/8/2025, as reflected on the United

States Postal Service return receipt, a copy of which is attached hereto and incorporated herein

by reference and referred hereto as Exhibit A.

Respectfully submitted,

BY:
        _____
        Richard G. Talarico
        Attorney for Plaintiff
        PA I.D. # 93449

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TikTok Inc
5800 Bristol Parkway
Suite 100
Culver City CA 90230

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 8846 4005 1684 80

2. Article Number *(Transfer from service label)*

7022 1670 0003 1849 9313

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
                                    1-5-25

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**PLAINTIFF'S EXHIBIT**
*tabbies*
A

ALERT: SEVERE WEATHER AND EMERGENCY EVENTS ACROSS THE U.S. MAY DELAY FINAL D...

# USPS Tracking®

FAQs >

Tracking Number:

Remove ✕

## 70221670000318499313

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 10:34 am on January 8, 2025 in CULVER CITY, CA 90230.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

## Delivered
### Delivered, Left with Individual

CULVER CITY, CA 90230
January 8, 2025, 10:34 am

**See All Tracking History**

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **USPS Tracking Plus®** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**